IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01570-EWN-MJW

ROBERT A. NEELY,

Plaintiff,

v.

WARDEN OF THE FREMONT CORRECTIONAL FACILITY,

Defendant.

## RECOMMENDATION ON
## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT
## (Docket No. 5)

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This matter is before this court pursuant to a General Order of Reference to United States Magistrate Judge (Including Dispositive Motions) which was issued by District Judge Edward W. Nottingham on August 14, 2006. (Docket No. 4).

The pro se incarcerated plaintiff filed his civil complaint in Fremont County District Court on July 18, 2006. (Docket No. 1-2). The only defendants named in that pleading were B. Larson and K. Wiley. (Docket No. 1-2). However, upon review of the plaintiff's request to proceed as a poor person, in an Order dated July 24, 2006, Fremont County District Court Magistrate Robert Freeman dismissed the complaint without prejudice as to those two defendants and amended the caption in the case to name the "Warden of Fremont Correctional Facility" as the only defendant. Magistrate

2

Freeman stated in that Order in pertinent part:

> IT IS FOUND AND CONCLUDED that this action is brought by a prison inmate in the custody of the Colorado Department of Corrections pursuant to C.R.C.P. 106 and that the proper defendant may be the warden of the facility at which the Plaintiff's claims arose. All other named defendants may be unnecessary parties in this case.
>
> IT IS THEREFORE ORDERED that the named defendant in this action shall be the [sic] as set forth above and all other named defendants are hereby dismissed without prejudice pursuant to C.R.C.P. 21. The caption in this case is hereby so amended. C.R.C.P. 25(d)(2). . . .

(Docket No. 1-3 at 1). In addition, Magistrate Freeman directed service on the Warden of the Fremont Correctional Facility. (Docket No. 1-3 at 1). The final sentence of the Order included a notice that "any appeal must be taken within 15 days pursuant to Rule 7(a)." (Docket No. 1-3 at 2). There is no indication in this court's file that that Order was appealed or that the plaintiff moved for reconsideration. In addition, plaintiff has not sought to amend his complaint.

On August 9, 2006, defendant Gary Watkins, the Warden of the Fremont Correctional Facility, filed with this court a Notice of Removal. (Docket No. 1). Thereafter, on August 14, 2006, Watkins filed a motion to dismiss the plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) (Docket No. 5), which is now before the court for report and recommendation. Plaintiff has not filed a response to the motion. The court now being fully informed makes the following findings, conclusions, and recommendation.

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all factual allegations in the complaint as true and resolve all reasonable

3

inferences in plaintiff's favor. Morse v. Regents of the Univ. of Colo., 154 F.3d 1124, 1126 (10th Cir. 1998); Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996). A case should not be dismissed for failure to state a claim unless the court determines beyond doubt that plaintiff can prove no set of facts which entitles him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

Since the plaintiff is not an attorney, his pleadings have been construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). Therefore, "if the court can reasonably read the pleadings to state a claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements. . . . At the same time, . . . it is [not] the proper function of the district court to assume the role of advocate for the pro se litigant." Id.

Upon review of the pro se complaint, this court agrees with the defendant that the plaintiff is not proceeding pursuant to Colorado Rule of Civil Procedure 106 (as found by the state Magistrate), which concerns remedial writs. Instead, while not a model pleading, in his complaint the plaintiff raises federal constitutional claims[1] concerning alleged retaliation and his medical treatment for hepatitis C by B. Larson

---

[1] Plaintiff avers in his complaint that he "has been denied his statutory, Constitutional, & contractually gauranted [sic] medical treatment." (Docket No. 1-2 at 6).

4

from approximately July 8, 2003, to November 2, 2004, and by K. Wiley from approximately November 2, 2004, until March 15, 2005, at Fremont Correctional Facility.  In addition, plaintiff raises state law claims against Larson and Wiley, including negligence and malpractice.

Watkins correctly asserts that the complaint does not contain any allegation or reference to him with regard to the constitutional and state law claims.  Watkins' position as the Warden of the correctional facility where the purported conduct is alleged to have occurred is insufficient to establish his personal participation.[2]  For this reason, and since Watkins is currently the only defendant, the complaint should be dismissed.  See Foote v. Spiegel, 118 F.3d 1416, 1423 (10th Cir. 1997) ("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation."); Ledbetter v. City of Topeka, Kan., 318 F.3d 1183, 1187 (10th Cir. 2003) ("[U]nder § 1983, 'a defendant may not be held liable under a theory of respondeat superior. . . .  Instead, 'a plaintiff must show that an affirmative link exists between the [constitutional] deprivation and either the [defendant's] personal participation, his exercise of control or direction, or his failure to supervise.'").

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that the Defendant's Motion to Dismiss Plaintiff's Complaint,

---

[2]The court notes that the plaintiff had a related § 1983 civil rights case in this district which concerned, in part, his allegation that he was not provided with medical treatment for hepatitis C.  Neely v. McGarry, et al., 03-cv-00616-EWN-PAC.  Watkins was one of the named defendants in that action.  Pursuant to Judge Nottingham's Order dated June 22, 2006, judgment was entered in that case in favor of the defendants and against the plaintiff. (Civil Action No. 03-cv-00616, Docket Nos. 308 and 309).

5

which was filed on August 14, 2006 (Docket No. 5), be granted.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Fed. R. Civ. P. 72(b), <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.  <u>Makin v. Colorado Dep't of Corrections</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date:  September 19, 2006                           s/ Michael J. Watanabe
         Denver, Colorado                                  Michael J. Watanabe
                                                                       United States Magistrate Judge